IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Lumico Life Insurance Company, | ) | Case No. 1:26-cv-556-SAL |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT** |
| Ann Riley, | ) | |
| Defendant. | ) | |

Plaintiff Lumico Life Insurance Company ("Lumico"), by and through its undersigned counsel, hereby files and asserts its Complaint against Ann Riley ("Riley"), and in support thereof alleges as follows:

## INTRODUCTION

1. Lumico seeks a Declaratory Judgment under 28 U.S.C. § 2201 to establish its rights and obligations under a $500,000 Lumico life insurance policy insuring the life of Edward Carroll (the "Insured").

2. On June 3, 2021, Defendant Ann Riley ("Riley") represented to Lumico that the Insured was deaf and interested in applying for a life insurance policy from Lumico. Riley proceeded to complete a telephonic application for a $500,000 term life insurance policy from Lumico on the Insured's behalf.

3. To complete the application on the Insured's behalf, Riley purportedly communicated Lumico's questions, requests for information, and requests for consent to the Insured in sign language, and then communicated the Insured's consents, disclosures, and responses to Lumico.

4. Based upon the answers and information that the Insured purportedly provided and authorized, Lumico issued a $500,000 term life insurance policy on the Insured's life.

5. On December 2, 2025, following the Insured's death, Riley submitted a claim for the policy's death benefit to Lumico.

6. After receiving Riley's claim, Lumico discovered information indicating that Riley applied for the policy without the Insured's knowledge or consent. For instance, Lumico discovered that, after the policy was applied for and issued, the purported Insured called Lumico to pay premium on the policy even though Riley had previously represented that the Insured was unable to hear or speak over the phone.

7. Upon information and belief, the Insured did not consent to or complete the application for the policy and was unaware of the policy's existence.

8. Upon information and belief, Riley falsely represented that the Insured was deaf and had authorized her to complete the application on his behalf because she knew that the Insured was in poor health and that she lacked an insurable interest in the Insured's life.

9. Under the circumstances, Lumico maintains that the policy is void and unenforceable and that no benefits are due to Riley under the policy because the policy was issued without the Insured's knowledge or consent and was not supported by an insurable interest.

10. There is an actual controversy of a justiciable nature concerning the rights and obligations of the parties under the subject life insurance policy.

**PARTIES**

11. Lumico is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Armonk, New York. Lumico is a citizen of Missouri and New York.

12. Upon information and belief, Riley is an adult individual who resides at 112 Damby Court, North Augusta, South Carolina, and is a citizen of the State of South Carolina.

**JURISDICTION AND VENUE**

13. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between Lumico, a citizen of Missouri and New York, and Defendant Riley, a citizen of South Carolina, and because the amount in controversy exceeds $75,000.

14. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because, upon information and belief, Defendant Riley resides in this judicial district. Moreover, venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Lumico's claims occurred in this judicial district.

**FACTUAL BACKGROUND**

**The Application**

15. On June 3, 2021, Defendant Riley placed a phone call to apply for a term life insurance policy with Lumico, purportedly on behalf of the Insured.

16. Riley represented that the Insured was deaf and that she would use sign language to relay the application's questions and requests for consents and information and the Insured's responses thereto.

17. Riley, purportedly on behalf of the Insured, proceeded to telephonically complete and execute an application for a $500,000 term life insurance policy. A true and correct copy of the application is attached hereto as **Exhibit 1** (the "Application").

18. The Application stated that the Insured's home address was 112 Damby, North Augusta, South Carolina 29860. *See* Application at 2, Ex. 1.

19. The Application stated that the Insured's phone number was 806-634-6244. *See* Application at 2, Ex. 1.

20. The Application stated that the Insured's email address was ariley1961@icloud.com. *See* Application at 2, Ex. 1.

21. The Application identified Riley, who was described as the Insured's niece, as the sole beneficiary of the policy. *See See* Application at 5, Ex. 1.

22. Riley, purportedly on behalf of the Insured, telephonically authorized the application of the Insured's electronic signature to the Application and affirmed that the information and responses in the Application were "true and complete to the best of [the purported Insured's] knowledge and belief." *See See* Application at 7, Ex. 1.

### The Policy

23. On June 3, 2021, Lumico issued the applied-for policy, which bore policy number L0326676 (the "Policy"), based on the belief that the Insured had answered the application questions, authorized the answers' accuracy, and consented to the application for and issuance of the Policy.

24. The Policy, a true and correct copy of which is attached hereto as **Exhibit 2**, insured the Insured's life, offered a $500,000 death benefit, and named Riley as the sole beneficiary.

25. Based upon the representation that the Insured's permanent residence was in South Carolina, the Policy was issued on South Carolina forms under the law of South Carolina. *See* Policy at 9, Ex. 2.

26. The Policy states that it is a legal contract between the Insured and Lumico. *See* Policy at 7, Ex. 2 ("This Policy is a legal contract between You and Us.").

### Riley's Claim for Policy Proceeds

27. On or about December 2, 2025, Riley represented to Lumico that the Insured died on November 13, 2025, and Riley submitted a claim for the Policy's death benefit. A true and

4

accurate copy of the claim forms submitted by Riley to Lumico are attached hereto as **Exhibit 3** (the "Claim Forms").

28. Upon review of Riley's claim, Lumico discovered that the address, email address, and phone number listed as Riley's in the Claim Forms matched the address, email address, and phone number listed in applications for life insurance insuring the lives of persons other than the Insured.

29. Lumico also discovered that the phone number listed in the Application and Claim Forms had been used to call Lumico and pay premium on the policy before the Insured's death. Upon review of the recordings of these calls, Lumico discovered that the individual who paid the premiums identified themselves as the Insured even though the Insured was purportedly unable to hear or speak over the phone.

30. Based on the information that Lumico obtained during its investigation of Riley's claim, it became apparent that the Insured was not involved in the application process, did not consent to the Application or the Policy, and was unaware of the Policy's existence.

## FIRST CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT

31. Lumico hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if repeated verbatim.

32. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits "any court of the United States, upon the filing of an appropriate pleading, [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

33. As set forth above, the Policy purports to be a contract between Lumico and the Insured.

5

34. Upon information and belief, the Insured did not apply for the Policy, authorize anyone to apply for the Policy on his behalf, or consent to the issuance of the Policy.

35. Upon information and belief, Riley was aware that the Insured was in poor health and ineligible for life insurance coverage, and Riley falsely represented that the Insured was deaf and had authorized her to apply for the Policy on his behalf so that she could procure the Policy and benefit from the Insured's impending death.

36. Upon information and belief, after Lumico issued the Policy, Riley and/or her agents posed as the Insured to pay the premium on the Policy.

37. Upon information and belief, Riley did not have the Insured's consent or authorization to apply for the Policy or to pay the premiums on the Policy. Rather, the Insured was unaware of the application for the Policy, much less the issuance and existence of the Policy.

38. Under South Carolina law, an insurance policy procured without the Insured's knowledge or consent is void as against public policy. *See Ramey v. Carolina Life Ins. Co.*, 135 S.E.2d 362, 365 (S.C. 1964).

39. Upon information and belief, Riley falsely represented that the Insured was deaf and had authorized her to complete the Application on his behalf because she lacked an insurable interest in the Insured's life and, as a result, would not have been able to apply for a life insurance policy insuring the Insured's life absent the Insured's express authorization and consent.

40. Under South Carolina law, an insurance policy procured by someone other than the named insured is void unless the applicant possesses an insurable interest in the insured's life. *See Henderson v. Life Ins. Co. of Va.*, 179 S.E. 680, 691 (S.C. 1935).

41. Lumico therefore maintains that the Policy is void because it was applied for and procured without the Insured's knowledge or consent by someone who lacked an insurable interest in the Insured's life.

42. Riley, on the other hand, contends that she is entitled to payment of the death benefit under the Policy.

43. As a result, there is a current, existing controversy between Lumico and Riley regarding whether the Policy was valid or void *ab initio*, and whether any benefits are due under the Policy.

44. Lumico is entitled to a judicial declaration that the Policy was not valid or enforceable, and that the only obligation Lumico may have to Riley is to tender back any premiums paid on the Policy.

WHEREFORE, Lumico prays for the following relief:

A. the Court's declaration that the policy is void because the Insured, Edward Carroll, neither applied for nor consented to the application for the Policy or the issuance of the Policy;

B. alternatively, the Court's declaration that the Policy is void as a wagering policy procured by someone other than the Insured and made payable to someone who lacked an insurable interest in the life of the Insured;

C. a declaration that by tendering to Riley the premiums paid on the Policy, Lumico has fully discharged any obligations it may have had relating to the Policy; and

D. any other relief the Court deems just and fair.

*[Signature Page to Follow]*

By: *s/ M. Kathleen McTighe Mellen*
    M. Kathleen McTighe Mellen
    Federal Bar No. 11652
    Email: katie@whelanmellen.com
    **WHELAN MELLEN & NORRIS, LLC**
    89 Broad Street
    Charleston, SC 29401
    Phone and Fax: (843) 998-7099

    Eric F. Au (*pro hac application forthcoming*)
    Email: eric.au@faegredrinker.com
    **FAEGRE DRINKER BIDDLE & REATH LLP**
    1 Logan Square, Suite 2000
    Philadelphia, PA 19103
    Phone: (215) 988-2700

*Counsel for Lumico Life Insurance Company*

February 10, 2026

Charleston, South Carolina